Jack B. Weinstein, Senior United States District Judge *264 I. Introduction...264
II. Background...264
III. Law...265
IV. Application of Laws to Facts...266
V. Conclusion...267
I. Introduction
Defendant, released from prison after a successful habeas corpus petition which was subsequently denied on appeal, seeks release from incarceration pending resolution of his petition for review by the United States Supreme Court. Defendant argues that he is entitled to release pursuant to the Federal Rules of Appellate Procedure. The government disagrees. Defendant also seeks release on compassionate grounds; his wife is ill with breast cancer and scheduled to have surgery in a matter of weeks. Defendant's request is granted.
II. Background
In 2008, Defendant pled guilty to being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g), which usually carries a maximum incarceratory sentence of ten years. United States v. Brown , 257 F. Supp. 3d 330, 331 (E.D.N.Y. 2017), rev'd and remanded , 752 F. App'x 108 (2d Cir. 2019) ; United States v. Brown , No. 07-CR-202 (JBW), 2008 WL 1945365, at * 1 (E.D.N.Y. Apr. 29, 2008). Brown, however, was subject to a mandatory minimum sentence of 15 years' incarceration because he had been convicted previously of what the government characterized as three violent felonies or serious drug crimes. Brown , 257 F. Supp. 3d at 331.
Two of the relevant convictions were for attempted second-degree armed robbery in violation of New York Penal Law § 160.10. Id. Defendant successfully moved for sentencing relief on the ground that robbery is not a violent felony. See id. at 331-33. He was resentenced by this court to time-served-ten years-and five years' supervised release. Id. at 333. The government did not object to his release at that time, but appealed.
The Court of Appeals for the Second Circuit reversed and, at its direction, this court reinstated the original sentence. Brown , 752 F. App'x at 109 ; Order, ECF No. 162. At the time of the reinstatement, Brown was already in federal custody after pleading guilty to four violations of the terms of his supervision: (1) positive urinalysis for marijuana, (2) positive urinalysis for cocaine, (3) failure to participate in drug aftercare treatment, and (4) failure to participate in mental health counseling. See J. Criminal Case Revocation Supervised Release, United States v. Brown , No. 18-cr-264 (M.D. Fla. Mar. 4, 2019), ECF No. 29. He has completed his term of incarceration for those violations and is in federal custody serving the balance of his longer reinstated sentence in the present case.
Defendant filed a timely petition for a writ of certiorari with the Supreme Court. It remains pending.
He requests that he be released from federal custody while the petition is pending because Federal Rule of Appellate Procedure 23(c) incorporates a presumption of release pending review of a decision granting a criminal defendant's habeas petition.
*265 See Letter from K. Santillo, May 20, 2019, ECF No. 170.
Brown's wife has pressing health problems. She has been diagnosed with breast cancer and is undergoing treatment for that disease. See Letter from K. Santillo 2, May 30, 2019, ECF No. 173. In addition to having weekly radiation treatments, she will have breast removal surgery on July 13, 2019, after which there will be a period of recovery. Id. at 2. Brown would like to be able to provide her physical assistance and moral support during this difficult time.
The government opposes Defendant's motion for release, arguing that his request is governed by Federal Rule of Appellate Procedure 23(b), which allows the court to release a criminal defendant at its discretion. But the court should not exercise that discretion to release Defendant, the government argues, because he is unlikely to be successful in an appeal of the Second Circuit's decision. The government did, however, agree to consider a limited term of release to account for Defendant's wife's health issues.
A hearing on the motion was conducted on May 30, 2019. The court directed the parties to obtain additional information about Brown's wife's medical issues and propose a release plan. The parties have failed to provide a plan. Defendant was unable to obtain additional information about his wife's health condition, and the government continues to oppose Defendant's request for release.
III. Law
Federal Rule of Appellate Procedure 23 governs the release of successful and unsuccessful habeas corpus petitioners pending resolution of appeals. When a petitioner seeks release following an order granting her habeas petition (a "successful petitioner"), one standard applies pursuant to Rule 23(c). If a petitioner seeks release following an order rejecting her habeas petition (an "unsuccessful habeas petitioner"), another standard applies pursuant to Rule 23(b). While Rule 23(c) "creates a presumption of release from custody" for a successful petitioner, Hilton v. Braunskill , 481 U.S. 770, 774, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), Rule 23(b) gives the court discretion to release an unsuccessful petitioner, Ostrer v. United States , 584 F.2d 594, 597 n.1 (2d Cir. 1978).
The rule reads as follows:
(a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.
(b) Detention or Release Pending Review of Decision Not to Release. While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
(1) detained in the custody from which release is sought;
(2) detained in other appropriate custody; or
(3) released on personal recognizance, with or without surety.
(c) Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is *266 under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.
(d) Modification of the Initial Order on Custody. An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.
Fed. R. App. P. 23.
IV. Application of Laws to Facts
The parties disagree as to whether Defendant is a successful or an unsuccessful petitioner. The court need not conclude which rule applies since Defendant should be released under either.
If an unsuccessful petitioner, this court may order Defendant's release pending resolution of his petition for review if there are special circumstances compelling release or a high probability of success on the merits. Id. Brown's wife is undergoing regular treatment for a serious, debilitating health problem. She will have breast removal surgery on July 13. After the operation, there will be a period of recovery. During this period, the presence of a loving spouse is likely to reduce the psychic and physical suffering of the married couple. These are special circumstances warranting Brown's release. Cf. Williams v. United States , No. 99-CV-5805 (ILG), 2001 WL 984911, at *1 (E.D.N.Y. July 11, 2001) (concluding that release was not warranted when a criminal defendant had surgery to remove a kidney one year prior and there was no evidence that the surgery was unsuccessful or that his prognosis was poor).
Moreover, Defendant's Supreme Court petition presents a substantial question of law, which the Second Circuit previously recognized by staying the mandate in a similar case pending Supreme Court review. See Order, United States v. Thrower , No. 17-445 (2d Cir. Apr. 17, 2019).
If treated as a successful petitioner, Defendant will be released unless the presumption in favor of release is overcome. Hilton , 481 U.S. at 774, 107 S.Ct. 2113. To determine whether it is overcome, a court considers: (1) whether the applicant seeking a stay has demonstrated a possibility of success on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether a stay will substantially injure the other parties; and (4) the public interest. Id. at 776, 107 S.Ct. 2113 ; Mohammed v. Reno , 309 F.3d 95, 101 (2d Cir. 2002) (concluding that the degree of possibility of success should vary depending on the assessment of the other factors). "A court must also consider the possibility of a petitioner's flight, any danger the petitioner may pose to the public, and the state's interest in continued custody and rehabilitation of the petitioner pending a final ruling by the appellate court." Waiters v. Lee , 168 F. Supp. 3d 447, 451 (E.D.N.Y. 2016) (relying on Hilton , 481 U.S. at 777, 107 S.Ct. 2113 ).
At least one federal judge-the undersigned-has concluded that Defendant's habeas petition should be granted. But Defendant has not demonstrated that he has a high degree of likelihood of success on the merits of his petition. Compare Letter from K. Santillo, May 21, 2019, ECF No. 170 (containing no arguments as to likelihood of success on the merits) with Letter from D. Kessler, May 28, 2019, *267 ECF No. 172 (citing recent Second Circuit caselaw that is consistent with that court's instant decision). But this negative factor is outweighed by other considerations. His wife's health is poor, and he and his family will be seriously harmed if he is unable to care for her. The government will not be harmed by a stay. Defendant has already served ten years of the original 15-year sentence, so the government's interest in continuing custody and prison-based rehabilitation is weak. See Hilton , 481 U.S. at 777, 107 S.Ct. 2113 (noting that the government's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal ... will be ... weakest where there is little of the sentence remaining to be served"). Finally, the public interest will not be harmed by Defendant's release because there is little "risk that [he] will pose a danger to the public." Id. Though since his release from prison he has violated conditions of his supervised release, see Order, May 2, 2019, ECF No. 168, none of the violations to which he pled guilty relate to the underlying conviction-being a felon in possession of a firearm.
V. Conclusion
Defendant's motion is granted. This court's order reinstating his 15-year incarceratory sentence and five-year term of supervised release will be stayed pending resolution of his petition filed in the Supreme Court.
SO ORDERED.